AO 243 (Rev. 10/07)

FILED by _____ D.C.

FEB 1 2 2018

STEVEN M. LARIMORE
CLERK U. S. DIST. CT.
S. D. of FLA. - FT. LAUD.

### MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

| | |
|---|---|
| **United States District Court** Southern | District of Florida Miami Division |
| Name (under which you were convicted):  EDGAR ALZATE JARAMILLO | Docket or Case No.: |
| Place of Confinement:  FCI Beaumont Low | Prisoner No.:  06201-104 |
| UNITED STATES OF AMERICA  v. | Movant (include name under which convicted)  EDGAR ALZATE JARAMILLO |

### MOTION

1. (a) Name and location of court which entered the judgment of conviction you are challenging: United States District Court for the Southern District of Florida, Miami Division, 400 N. Miami Avenue, 8th Floor, Miami, FL 33128.

   (b) Criminal docket or case number (if you know): 1:13-20440-CR-KING-001

2. (a) Date of the judgment of conviction (if you know): October 29, 2015

   (b) Date of sentencing: April 14, 2016 (See Exhibit A - Judgment)

3. Length of sentence: 210 months imprisonment, 5 years supervised release, $100 spcl assessment.

4. Nature of crime (all counts): **Count 1: Conspiracy to distribute five Kilograms or more of** cocaine for unlawful importation in to the United States; Violation of 21 U.S.C. § 963 (See Exhibit A - Judgment).

5. (a) What was your plea? (Check one)

   (1) Not guilty ☐     (2) Guilty ☒     (3) Nolo contendere (no contest) ☐

   (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or what did you plead guilty to and what did you plead not guilty to? N/A

   cat/div 2255/510/MIA

   Case # _____
   Judge _____ Mag PAW
   Motn ifp NO    Fee pd $NO
   Receipt # _____

6. If you went to trial, what kind of trial did you have? (Check one)   N/A   Jury ☐     Judge only ☐

AO 243 (Rev. 10/07)

Rule 11 Hearing, and at
Sentencing

7.  Did you testify at a pretrial hearing, trial, or post-trial hearing?     Yes ☒          No ☐

8.  Did you appeal from the judgment of conviction?     Yes ☐          No ☒

9.  If you did appeal, answer the following:

(a)  Name of court:  _____

(b)  Docket or case number (if you know):  _____

(c)  Result:  _____

(d)  Date of result (if you know):  _____

(e)  Citation to the case (if you know):  _____

(f) Grounds raised:  _____

_____

_____

_____

_____

_____

(g)  Did you file a petition for certiorari in the United States Supreme Court?     Yes ☐          No ☒

If "Yes," answer the following:

(1) Docket or case number (if you know):  _____

(2) Result:  _____

_____

(3) Date of result (if you know):  _____

(4) Citation to the case (if you know):  _____

(5) Grounds raised:  _____

_____

_____

_____

_____

10.  Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications, concerning this judgment of conviction in any court?

Yes ☐     No ☒     Nothing other than this § 2255 Motion.

11.  If your answer to Question 10 was "Yes," give the following information:

(a)  (1)  Name of court:  _____N/A_____

(2)  Docket or case number (if you know):  _____N/A_____

(3)  Date of filing (if you know):  _____N/A_____

THIS PAGE
INTENTIONALLY LEFT BLANK

AO 243 (Rev. 10/07)

(4)  Nature of the proceeding: _____

(5)  Grounds raised: _____

_____

_____

_____

_____

_____

_____

_____

(6)  Did you receive a hearing where evidence was given on your motion, petition, or application?

Yes ☐   No ☐

(7)  Result: _____

(8)  Date of result (if you know): _____

(b)  If you filed any second motion, petition, or application, give the same information:

(1)  Name of court: _____

(2)  Docket of case number (if you know): _____

(3)  Date of filing (if you know): _____

(4)  Nature of the proceeding: _____

(5)  Grounds raised: _____

_____

_____

_____

_____

_____

_____

_____

(6)  Did you receive a hearing where evidence was given on your motion, petition, or application?

Yes ☐   No ☐

(7)  Result: _____

(8)  Date of result (if you know): _____

(c)  Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

(1)  First petition:   Yes ☐   No ☐

(2)  Second petition:   Yes ☐   No ☐

AO 243 (Rev. 10/07)

(d)  If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:

_____N/A_____

_____

_____

12.   For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States.  Attach additional pages if you have more than four grounds.  State the <u>facts</u> supporting each ground.

**GROUND ONE:**   Edgar Alzate Jaramillo's (hereinafter "Movant") Sixth Amendment right

to reasonably effective assistance of... **(continued on Additional Page #1)**

(a)  Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):
**NOTE: Reference to statutes or case citations are not made for any purposes other than to establish the fact that such exist and are applicable as authority to support Movant's request for relief.**

(1)   The United States Probation Office (USPO) Presentence Investigation Report

(PSR) identifies Movant as "Edgar Humberto Alzate Jaramillo," with alias "Orgo,"

"Nely," and "Nene"  (See PSR, page 3);

(2)   the discovery documents provided to Movant identify a co-conspirator as

"NENE" (See Exhibit B excerpts from discovery provided to Movant);

**(continued on Additional Page #2)**

_____

_____

(b)  **Direct Appeal of Ground One:**

(1)  If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐      No ☐

(2)  If you did not raise this issue in your direct appeal, explain why: _____

_____

_____

(c)  **Post-Conviction Proceedings:**

(1)  Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐      No ☐

(2)  If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

_____

_____

Additional Page #1

**§ 12 GROUND ONE** (continued)

...counsel, was denied by the ineffective assistance of counsel rendered by Attorney Humberto Dominaguez (Atty. Dominguez), and Attorney Todd Yodal (Atty. Yodal), that is, both Atty. Dominguez and Atty. Yodal failed to investigate the facts of Movant's arrest in Colombia and extradition to the United States (U.S.) to determine factually if Movant was in fact the Colombian citizen who was named in the indictment brought in the United States District Court for the Southern District of Florida, Case No. 1:13-20440-CR-KING-001. Such failure to investigate the factual basis for arresting Movant and extraditing to the U.S. for trial is a primary obligation of Atty. Dominguez and Atty. Yodal, as set forth in Cuyler v Sullivan, 466 U.S. 335, 344, 100 S.Ct. 1708, 1716 (1980); Strickland v Washington, 466 U.S. 668 (1984).

Additional Page #2

**§12(a) GROUND ONE Supporting facts** (continued)

(3)   NÉNÉ is a different person from Nene, and the information used to associate NÉNÉ with Movant is mistaken;

(4)   it is from the mistake in identity that the indictment against Movant was issued, causing Movant to be arrested in Colombia and extradited to the U.S.;

(5)   the mistake in identity could have been discovered if either of Movant's counsel reviewed with Movant the extradition resolution which would have had as a part of the normal extradition process, under the inclusion of the Colombian citizen's, a "citizenship identification card number, i.e. xx.xxx.xxx;

(6)   had Movant's Atty. Dominguez or Atty. Yodal filed a Motion seeking:

> the "United States Department of Justice Diplomatic Note," filed with the Republic of Colombia, the fact that Movant's "Documento Identidad," in the filing for on NÉNÉ would have been different, and at that juncture, before extradition, either Atty. Dominguez or Atty. Yodal could have filed a Motion to Dismiss the Indictment and thus withdraw the extradition request; and

(7)   further, had Movant's attorneys filed a discovery request for the "Republic of Colombia," "Ministry of the Interior and Justice," "Resolution" and decree contained in such "Resolution," the Movant's limitation on extradition would have become known regarding the date before which the U.S. could not hold Movant responsible for alleged cocaine shipments.

Atty. Dominguez and Atty. Yodal failed to advocate for Movant's interests by challenging the indictment against Movant and Movant's subsequent extradition.

AO 243 (Rev. 10/07)

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(3)  Did you receive a hearing on your motion, petition, or application?

Yes ☐   No ☐

(4)  Did you appeal from the denial of your motion, petition, or application?

Yes ☐   No ☐

(5)  If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐   No ☐

(6)  If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7)  If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

_____

_____

_____

_____

_____

**GROUND TWO:** Movant's Fifth Amendment Grand Jury clause  right was violated...

(continued on Additional Page #3)

(a)  Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

NOTE: Reference to statutes or case citations are not made for any purposes other than to establish the fact that such exist and are applicable as authority to support Movant's request for relief.

(1)   Upon information and belief, Movant avers that when the mistake in identification was discovered, the AUSA prosecuting the case and Movant's attorneys colluded to induce Movant to execute a plea of guilty in return for what the lawyers stated would be a lessor sentence;

(continued on Additional Page #4)

_____

_____

_____

**§12 GROUND TWO** (continued)

...by the Government in that it indicted NENE believing that person to be
Movant. Subsequent to being extradicted to the U.S., the Government discovered
the issue of mistaken identity. Upon information and belief, Movant avers that
there was no other subsequent Grand Jury Indictment returned against Movant,
before Movant was induced to pleading guilty to one conspiracy charge - 21
U.S.C. § 963. U.S.CONST.amend V requires that:

> No person shall be held to answer for a capital, or
> otherwise infamous crime, unless on a presentment
> or indictment of a Grand Jury, except in cases
> arising in the land or naval forces, or in the
> Militia, when in actual service in time of War or
> public danger; nor shall any person be subject for
> the same offence to be twice put in jeopardy of life
> limb, nor shall be compelled in any criminal case
> to be a witness against himself, nor be deprived of
> life, liberty, or property, without due process of
> law; nor shall private property be taken for public
> use without compensation.

Additional Page #4

**§12(a) GROUND TWO Supporting facts** (continued)

(2)   Movant was not counseled by his hired attorneys regarding his Fifth Amendment Grand Jury Clause rights at any time before or after pleading guilty, conviction, or sentencing.

AO 243 (Rev. 10/07)

Page 6

**THIS PAGE**

**INTENTIONALLY LEFT BLANK**

(b) **Direct Appeal of Ground Two:**

    (1)  If you appealed from the judgment of conviction, did you raise this issue?

        Yes ☐    No ☐

    (2)  If you did not raise this issue in your direct appeal, explain why: _____

_____

(c) **Post-Conviction Proceedings:**

    (1)  Did you raise this issue in any post-conviction motion, petition, or application?

        Yes ☐    No ☐

    (2)  If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

    (3)  Did you receive a hearing on your motion, petition, or application?

        Yes ☐    No ☐

    (4)  Did you appeal from the denial of your motion, petition, or application?

        Yes ☐    No ☐

    (5)  If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

        Yes ☐    No ☐

    (6)  If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

AO 243 (Rev. 10/07)

(7)  If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this

issue:     N/A

_____

_____

_____

_____

_____

_____

**GROUND THREE:**     Movant's Sixth Amendment right to reasonably effective assistance of

counsel...          **(continued on Additional Page #5)**

(a)  Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):
**NOTE: Reference to statutes or case citations are not made for any purposes other than to
establish the fact that such exist and are applicable as authority to support Movant's request for relief.**

(1)   The "Rule of Specialty," in connection with Movant's extradition requires

that the requesting State (U.S.) may **only** prosecute Movant for the offense for

which Movant was surrendered by Colombia or else the U.S. must allow Movant to

leave the U.S.;

_____

(2)   because the U.S. indictment was for a person other than Movant, the U.S.

was obligated, by treaty to allow Movant...

                    **(continued on Additional Page #6)**

_____

_____

(b)  **Direct Appeal of Ground Three:**

(1)  If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐     No ☐

(2)  If you did not raise this issue in your direct appeal, explain why:

_____

_____

(c)  **Post-Conviction Proceedings:**

(1)  Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐     No ☐

(2)  If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

Docket or case number (if you know): _____

Date of the court's decision: _____

Additional Page #5

**§12 GROUND THREE** (continued)

...was denied by the ineffective assistance of counsel rendered by Atty.
Dominguez and Atty. Yodal, in regards to failing to advise Movant of an
additional defense available to Movant, that is, "Rule of Specialty" in regard
to Movant's extradition from the Republic of Colombia to the U.S.

Additional Page #6

§12(a) **GROUND THREE Supporting facts** (continued)

... to leave the U.S. without being subjected to pleading guilty to a charge for which he had not been extradicted;

(3)   Movant only recently discovered the issue of misidentification and the U.S./Colombia extradition treaty obligations;

(4)   Movant was not being held in Colombia on a crime charged under Colombia laws at the time of being extradicted to the U.S.;

(5)   Movant on or about November 28, 2017, sent a letter to Atty. Yodal and Atty. Dominguez requesting documents to further support these claims, as of this filing neither Atty. Dominguez nor Atty. Yodal have responded to Movant's letter; and

(6)   Movant respectfully requests that this Court grant the discovery requested in Exhibit C - letter to Atty. Dominguez (Atty. Yodal was sent the same letter)(See, Rules Governing 28 U.S.C. § 2255 Proceedings, and FED.R.CIV.P. Rule 15).

AO 243 (Rev. 10/07)

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(3)   Did you receive a hearing on your motion, petition, or application?

Yes ☐   No ☐

(4)   Did you appeal from the denial of your motion, petition, or application?

Yes ☐   No ☐

(5)   If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐   No ☐

(6)   If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7)   If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

_____

_____

_____

_____

**GROUND FOUR:**   Movant's Fifth Amendment right of Notice and Due Process, and Sixth Amendment right of Due Process...   **(continued on Additional page #7)**

(a)  Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

**NOTE: Reference to statutes or case citations are not made for any purposes other than to establish the fact that such exist and are applicable as authority to support Movant's request for relief.**

    (1)   The statute that is the basis for Movant's conviction under 21 U.S.C. § 963 is 21 U.S.C. § 959;

    (2)   21 U.S.C. § 959 (§ 959) requires in part that Movant:

        "intending, knowing or having reasonable case to believe that the controlled substance will be unlawfully import-ed into the United States" (See 21 U.S.C. § 959(b)(2);

**(continued on Additional Page #8)**

Additional Page #7

**§12 GROUND FOUR** (continued)

...are violated by the Government's prosecution under 21 U.S.C. § 963 predicated on alleged violation of 21 U.S.C. § 959, because as applied to Movant, § 959 is vague and unconstitutional, as well as the Factual Basis in the Plea Agreement does not contain facts to support the essential element of the Movant knowing that the alleged cocaine shipments were bound for the United States.

Additional Page #8

**§12(a) GROUND FOUR Supporting facts** (continued)

(3)    Movant's Plea Agreement is void of facts to support that Movant had any knowledge to where the alleged cocaine would be shipped, nor is there evidence to support Movant's foreseeability by the alleged co-conspirators.

AO 243 (Rev. 10/07)                                THIS PAGE

INTENTIONALLY LEFT BLANK

**(b)  Direct Appeal of Ground Four:**

(1)   If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐        No ☐

(2)   If you did not raise this issue in your direct appeal, explain why:

_____

_____

**(c)  Post-Conviction Proceedings:**

(1)   Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐        No ☐

(2)   If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

(3)   Did you receive a hearing on your motion, petition, or application?

Yes ☐        No ☐

(4)   Did you appeal from the denial of your motion, petition, or application?

Yes ☐        No ☐

(5)   If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐        No ☐

(6)   If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

AO 243 (Rev. 10/07)

(7)   If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:   N/A

13.   Is there any ground in this motion that you have <u>not</u> previously presented in some federal court?  If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

   N/A

14.   Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court for the judgment you are challenging?        Yes ☐        No ☒

   If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

15.   Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:

   (a)   At the preliminary hearing:   Humberto Rolando Dominguez, Museum Tower, 150 West Flagler street, Suite 2850, Miami, FL 33130.

   (b)   At the arraignment and plea:   Same as 15(a)

   (c)   At the trial:   N/A

   (d)   At sentencing:   Atty. Dominguez and Atty. Todd, 267 Minorca Avenue, Coral Gables, FL 33134

AO 243 (Rev. 10/07)

(e) On appeal:     N/A

(f) In any post-conviction proceeding:     Pro se

(g) On appeal from any ruling against you in a post-conviction proceeding:     N/A

16. Were you sentenced on more than one court of an indictment, or on more than one indictment, in the same court and at the same time?        Yes ☐        No ☒

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?        Yes ☐        No ☒
   (a) If so, give name and location of court that imposed the other sentence you will serve in the future:
       N/A

   (b) Give the date the other sentence was imposed:     N/A
   (c) Give the length of the other sentence:     N/A
   (d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?        Yes ☐        No ☒

AO 243 (Rev. 10/07)

18.    TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

Movant's First 28 U.S.C. § 2255 Motion is filed within one (1) year of the period of limitations established by 28 U.S.C. § 2255(f)(2) or § 2255(f)(4).

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:

A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –

(1)   the date on which the judgment of conviction became final;

(2)   the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;

(3)   the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4)   the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

AO 243 (Rev. 10/07)

Therefore, movant asks that the Court grant the following relief:   (1) Vacate Movant's sentence and
    immediately deport Movant to the Republic of Colombia.

or any other relief to which movant may be entitled.

                                        None
                            _____
                            Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion
under 28 U.S.C. § 2255 was placed in the prison mailing system on _____December 29, 2017_____
                                                                      (month, date, year)

Executed (signed) on _____December 29, 2017_____ (date).

                            _____
                            Signature of Movant
                            Edgar Alzate Jaramillo

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion.

_____
_____
_____

## REQUEST FOR EVIDENTIARY HEARING

Movant requests that this Honorable Court hold an evidentiary hearing so that any and all non-record facts and allegations may be developed and established for this Court to properly address and review the issues set forth in this motion.

## MOTION FOR APPOINTMENT OF COUNSEL

Movant, pursuant to the Criminal Justice Act (18 U.S.C. §3006A) requests that this Court appoint counsel to represent him in his 28 U.S.C. §2255 Motion proceedings for the following reasons:

1. Movant is incarcerated and is not able to afford counsel as he has no money, assets, nor property to compensate an attorney;

2. The legal issues presented in this case are complex and Movant is not trained in law;

3. The issues in this case may request further investigation which the Movant cannot do while confined in prison;

4. Movant believes that he is entitled to an evidentiary hearing in this Court; and if granted, he does not have the training in the law, and Court rules, to property conduct such a hearing;

5. The eneds of justice would best be served in this case if an experienced attorney was appointed to represent the Movant in this matter.

## RELIEF REQUESTED

Movant prays that this Honorable Court grant him the benefit of an attorney to represent him in these 28 U.S.C. §2255 proceedings before the Court.

December 29, 2017

Movant
Edger Alzate Jaramillo
Reg. #06201-104
FCI Beaumont Low
P.O. Box 26020
Beaumont, TX 77720-6020